IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONIQUE JOHNSON,<br><br>                    Plaintiff,<br><br>      v.<br><br>GABRIEL BROTHERS, INC.,<br><br>                    Defendant. | CIVIL ACTION<br>NO. 13-07415 |

## OPINION

**Slomsky, J.**                                                              **June 27, 2014**

## I.    INTRODUCTION

Before the Court is Defendant Gabriel Brothers, Inc.'s Motion to Dismiss or Transfer for Improper Venue.  (Doc. No. 4.)  Plaintiff Monique Johnson ("Plaintiff") brought this personal injury action against Defendant Gabriel Brothers, Inc. ("Defendant" or "Gabriel Brothers"), the owner of Gabe's, a chain of retail stores, for injuries she sustained in a slip and fall accident at the Gabe's Harrisburg location, located in the Middle District of Pennsylvania.[1]  (Doc. No. 1 at ¶ 8.)  Plaintiff is a citizen of York, Pennsylvania, also located in the Middle District.  (Id. at ¶ 1; Doc. No. 1-1.)  Defendant is incorporated in West Virginia and maintains retail operations in the Middle and Western Districts.  (Id. at ¶¶ 2, 4.)  Defendant asks for dismissal, or alternatively, transfer to the Middle District, on the ground that venue is improper in the Eastern District. (Doc. No. 4.)  For reasons that follow, the Court will direct the Clerk of Court to transfer this case to the United States District Court for the Middle District of Pennsylvania.

---

[1] Pennsylvania has three Federal Judicial Districts: the Middle District, the Western District and the Eastern District.

## II.      BACKGROUND

On October 18, 2012, Plaintiff was shopping in Defendant's Harrisburg retail store when something on the floor caused her to slip and fall.[2]  (Doc. No. 5 at 7.)  Plaintiff claims that as a result of this fall, she sustained spinal disc bulges and serious injuries to her shoulder and bicep tendons.  (Id.)  On December 16, 2013, Plaintiff filed a Complaint with this Court, alleging negligence against Defendant.  (Doc. No. 1 at 3.)  On January 13, 2014, Defendant filed a Motion to Dismiss or Transfer for Improper Venue.  (Doc. No. 4.)  On January 23, 2014, Plaintiff filed a Response.  (Doc. No. 5.)  On January 29, 2014, Defendant filed a Reply.  (Doc. No. 6.)  The issue is now ripe for disposition.

## III.     FEDERAL VENUE FRAMEWORK

In a federal civil action, 28 U.S.C. § 1391(b) dictates proper venue.  The statute provides as follows:

> (b) Venue in general. —A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[2]  In the Complaint, Plaintiff alleges that she slipped on a substance near the customer service desk.  (Doc. No. 1 ¶ 8.)  Later in the Complaint, Plaintiff alleges that the substance was a liquid.  (Id. at ¶ 10.)  In her Response to Defendant's Motion to Dismiss, Plaintiff states that she slipped on a clear, plastic clothing hanger.  (Doc. No. 5 at 6-7.)

Here, Plaintiff argues that venue is proper within the Eastern District because Gabriel Brothers "resides" in this district under 28 U.S.C. § 1391(b)(1).[3]  Because Gabriel Brothers is a corporation and Pennsylvania is a multi-district state, Gabriel Brothers' "residency" is dictated by 28 U.S.C. § 1391(d), which states:

> (d) Residency of corporations in States with multiple districts. — For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, <u>such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State</u>, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d) (emphasis added).

Thus, in order for venue to be proper in the Eastern District, Gabriel Brothers must have sufficient contacts within the Eastern District to subject it to personal jurisdiction, as if the Eastern District were a separate state.  Accordingly, the Court "must conduct a personal jurisdiction analysis, treating [Defendant] as a corporation and the Eastern District of Pennsylvania as a state."  <u>ICA Group, LLC v. Taggart Global, LLC</u>, No. 12-6156, 2013 WL 159936, at *1 (E.D. Pa. Jan. 15, 2013).  It is the Plaintiff's burden to establish such sufficient contacts.  <u>Provident Nat'l Bank v. Cal. Federal Sav. & Loan Ass'n</u>, 819 F.2d 434 (3d Cir. 1987).

---

[3] Venue is not proper in the Eastern District under 28 U.S.C. § 1391(b)(2) because Plaintiff's slip and fall, the sole event giving rise to the claims in her complaint, occurred in the Middle District.  (Doc. No. 1 at ¶ 8.)  Venue is also improper in this District under 28 U.S.C. § 1391(b)(3), as discussed more fully above, because Defendant is not subject to the Court's personal jurisdiction.

Personal jurisdiction analysis is governed by Pennsylvania's long-arm statute.[4]  The long-arm statute allows jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States."  D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (citing 42 Pa. Cons. Stat. Ann. § 5322(b)).  Thus, for purposes of venue alone, Gabriel Brothers must maintain minimum contacts with the Eastern District of Pennsylvania so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Int'l Shoe v. Washington, 326 U.S. 310, 315 (1945); D'Jamoos, 566 F.3d at 102.

Plaintiff must establish Defendant's sufficient contacts with "reasonable particularity."  Provident, 819 F.2d at 437.  "To meet this burden, the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')."  Id. (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 416 (1984)).  As discussed more fully below, Plaintiff has failed to establish with reasonable particularity the Eastern District's specific or general jurisdiction over Defendant.

## IV.   THE EASTERN DISTRICT LACKS PERSONAL JURISDICTION OVER DEFENDANT AND TRANSFER TO THE MIDDLE DISTRICT IS PROPER

### a.  The Eastern District Lacks Specific Jurisdiction Over Defendant

Specific jurisdiction depends upon three factors: (1) Defendant must have purposefully directed its activities at the forum; (2) the litigation must arise out of or relate to at least one of those activities; and (3) if the first two prongs are met, the exercise of jurisdiction must comport

---

[4] "A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."  D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94 (3d Cir. 2009) (citing Provident Nat'l Bank, 819 F.2d at 434).

with fair play and substantial justice.  D'Jamoos, 566 F.3d at 102 (citations omitted) (internal quotation marks omitted).

Plaintiff claims that the Eastern District maintains specific jurisdiction over Gabriel Brothers because Gabriel Brothers is represented by CBRE, a commercial real estate firm with offices in the Eastern District, namely Philadelphia and Conshohocken.  Plaintiff contends that Gabriel Brothers' account is managed by John Krause, a CBRE Vice President whose primary office is in Conshohocken. (Doc. No. 5 at 8, 9.)  To support this claim, Plaintiff attached to her Complaint a website profile of the CBRE agent responsible for the Gabriel Brothers' account.  However, the profile submitted by Plaintiff does not mention a John Krause.  Instead, it names another individual, Robert Cooper, as the Gabriel Brothers' account manager.  The profile states that Cooper's office is in Akron, Ohio.  (Doc. No. 5 Ex. A.)  Therefore, Plaintiff has only established that Defendant has a contractual relationship with CBRE and that CBRE has offices in the Eastern District.  Plaintiff has not established that Gabriel Brothers' relationship with CBRE involves any contact with the Eastern District.

In addition, Plaintiff asserts that Gabriel Brothers likely maintains sufficient contacts with the Eastern District because one of its subsidiary corporations, Rugged Wearhouse Inc., operates a retail store in Wilmington, Delaware.  (Doc. No. 5 at 10.)  Because of this proximity, Plaintiff claims that Gabriel Brothers "conducts significant business in the Eastern District of Pennsylvania in relation to the vendors it uses, the transportation of merchandise, and the market that it advertises to."  (Id.)  However, Plaintiff has not submitted any evidence to support this claim.

These contacts do not satisfy the test for specific jurisdiction.  They do not establish that Gabriel Brothers "purposefully directed its activities" towards the Eastern District, as required by

the first prong of the specific jurisdiction test.   D'Jamoos, 566 F.3d at 102.  In addition, the

contacts cited by Plaintiff have no relationship to Plaintiff's cause of action.  Id.  "[I]t is a

fundamental principal of specific jurisdiction jurisprudence that the cause of action arise from

the non-resident's activities within Pennsylvania."  Duchesneau v. Cornell Univ., 08-4856, 2009

WL 533064 (E.D. Pa. Mar. 3, 2009) (emphasis in original).  In other words, Plaintiff must

establish some "casual connection" between Defendant's contacts with the Eastern District and

her cause of action.  See O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 323 (3d Cir.

2007).

Here, Plaintiff fails to provide this causal connection.  Defendant's contractual

relationship with CBRE and the existence of its Delaware subsidiary are not connected to

Plaintiff's negligence claim.  Because neither of the first two prongs of the specific jurisdiction

test are met, Plaintiff has not satisfied her burden of proving specific jurisdiction.[5]

**b.  The Eastern District Lacks General Jurisdiction Over Defendant**

Plaintiff has also failed to offer any evidence that would support general jurisdiction over

Gabriel Brothers in the Eastern District.  In order to establish general jurisdiction, Gabriel

Brothers must have "continuous and systematic" contacts with the Eastern District.  Provident,

819 F.2d at 437; ICA Group, 2013 WL 159936, at *2.  The "continuous and systematic" standard

involves showing "significantly more than mere minimum contacts."  Provident, 819 F.2d at

437.  In addition, the supporting facts underlying general jurisdiction must be "extensive and

persuasive."  Reliance Steel Prods. v. Watson, Ess, Marshall, 675 F. 2d 587, 589 (3d Cir. 1982).

Plaintiff has not provided sufficient evidence to establish Defendant's continuous and systematic

contact with the Eastern District.

---

[5] An analysis of the third prong of the specific jurisdiction test is not required where, as here,
Plaintiff has failed to establish the first two prongs.

Gabriel Brothers does not operate retail stores in the Eastern District.  There is no evidence that Gabriel Brothers has any employees or offices within the Eastern District. Compare with Int'l Shoe, 326 U.S. at 310 (Continuous and systematic contact found where foreign defendant did not operate retail stores in the forum, but did utilize employees to conduct business within the forum state.)  Plaintiff baldly guesses that the Wilmington, Delaware Rugged Wearhouse location likely produces continuous and systematic contact with the Eastern District, but has submitted no evidence to substantiate this claim.  (Doc. No. 5 at 10.)  Gabriel Brothers' contractual relationship with CBRE, a company with offices in the Eastern District, is not enough to establish continuous and systematic contact with the Eastern District.

Because the Plaintiff has failed to establish personal jurisdiction within the Eastern District, venue is improper under 28 U.S.C. §§ 1391(b) and (d).

### c.   Transfer Is Proper Under 28 U.S.C. § 1404(a)

Finally, even if venue were proper, this case would still be appropriate for transfer under § 1404(a), which states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).  See United States v. Berkowitz, 328 F.2d 358, 360 (3d Cir. 1964) ("[J]urisdiction over the person of the defendant is not a prerequisite to the power of the district court to transfer this case either pursuant to § 1406(a) or under § 1404(a).").

In deciding whether transfer is appropriate, the court must weigh both "public interest" and "private interest" balancing factors.  Jumara v. State Farm Insc. Co., 55 F. 3d 873, (3d Cir. 1995).  The "private interests" established in Jumara include:

> [P]laintiff's forum preference as manifested in the original choice,
> the defendant's preference, whether the claim arose elsewhere, the
> convenience of the parties as indicated by their relative physical
> and financial condition, the convenience of the witnesses but only

> to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Id. at 879 (internal citations omitted).

The "public" interests discussed in Jumara include:

> [T]he enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two fora resulting from the court congestion, the local interests in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80 (internal citations omitted).

The "private interest" factors weigh heavily in favor of transferring this matter. Normally, the Plaintiff's choice of forum "should not be lightly disturbed." Jumara, 55 F.3d at 878. "However, in a case where a plaintiff chooses a forum in which he or she does not reside and the incident giving rise to the claim occurred outside of the chosen forum, the plaintiff's choice is entitled to less deference." Garcia-Villa v. Attorney Gen. of the U.S., No. 10-7118, 2011 WL 2669266, at *2 (E.D. Pa. July 8, 2011). Additionally, this factor has little relevance because there is lack of personal jurisdiction in the Eastern District. See Molnlycke Health Care AB v. Dumex Medical Surgical Prods., Ltd., 64 F. Supp. 2d 448, 455 (E.D. Pa. 1999) ("Initially, plaintiff relies on its own forum choice preference, but, as the court rules that it does not have personal jurisdiction, this factor is of little relevance."). Gabriel Brothers notes that the only tangible connection Plaintiff maintains with the Eastern District is that her counsel is located in Philadelphia, but that convenience of counsel is not a valid factor in a transfer analysis. Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973).

The other relevant private interest factors clearly point towards the Middle District: Gabriel Brothers prefers the Middle District of Pennsylvania as an appropriate venue; the accident occurred in the Middle District; the witnesses of the accident are likely to be in the Middle District; and any record of the accident would likely be maintained at the Gabriel Brothers retail store in Harrisburg.

The public interest factors also weigh in favor of transferring this matter.  Many of the public interest factors here are neutral on their face such as the enforceability of the judgment, court congestion, the public policies of the fora, and the familiarity with the trial judge with the applicable state law.  Plaintiff, however, has provided no evidence that would make the Eastern District of Pennsylvania the relatively easy, expeditious, or inexpensive venue compared to the Middle District.  Ultimately, the interest in deciding local controversies at home tips the scale. The accident occurred in Harrisburg and accordingly, the Middle District is the appropriate venue for the adjudication of this case.

## V.      CONCLUSION

For the foregoing reasons, the case will be transferred to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MONIQUE JOHNSON,

                Plaintiff,

    v.

GABRIEL BROTHERS, INC.,

                Defendant.

CIVIL ACTION
NO. 13-07415

## ORDER

    **AND NOW**, this 27th day of June 2014, upon consideration of Defendant's Motion to Dismiss or Transfer for Improper Venue (Doc. No. 4), Plaintiff's Response (Doc. No. 5), Defendant's Reply (Doc. No. 6), and in accordance with the Opinion issued this day, it is **ORDERED** that Defendant's Motion to Dismiss or Transfer for Improper Venue (Doc. No. 4) is **GRANTED IN PART AND DENIED IN PART**.  The Clerk of Court is **ORDERED** to transfer the above-captioned case to the United States District Court for the Middle District of Pennsylvania.

                BY THE COURT:


                /s/ Joel H. Slomsky
                JOEL H. SLOMSKY, J.